HEDRICK, HOGEMAN AND BROUN, COMM'RS.

*v.*

WALKER *et al.*

Decided May 30, 1881.

A case in which an order dissolving an injunction is reversed upon the merits of the cause; and the principles in *Goshorn* v. *Snodgrass* applied and approved.

Appeal from and *supersedeas* to an order of the circuit court of the county of Putnam, made on the 24th day of October, 1877, in a cause in said court then pending, wherein Charles Hedrick, William H. Hogeman and Thomas L. Broun, special commissioners, were plaintiffs, and Henry S. Walker and others were defendants, allowed upon the petition of said plaintiffs.

Hon. Joseph Smith, judge of the seventh judicial circuit, made the order appealed from.

MOORE, JUDGE, furnishes the following statement of the case:

Under orders made and entered by the circuit court of Kanawha county, in the chancery suit of *A. G. Talliaferro* v. *Spicer Patrick et al.*, on October 31, 1872, and May 22, 1873, special commissioners Wm. H. Hogeman and Charles Hedrick on the 6th day of September,

1881
Spring
Special Term.

Hedrick,
Hogeman and
Broun,
Comm'rs,
v.
Walker,
et al.

1873, sold to Henry S. Walker three thousand five hundred and fifty-six acres of land, at $12.10 per acre, aggregating the sum of $43,027.60. One fourth of the consideration was paid in cash by said Walker, who executed his three bonds for $10,756.90 each for the deferred payments, payable to said Hedrick and Hogeman, which said commissioners reported to the said circuit court, which sale was confirmed by said court May 26, 1874, and by said last decree said commissioners were directed to make a deed conveying said real estate to said Henry S. Walker, retaining a vendor's lien thereon to secure the payment of said bonds, which deed they executed, as directed by said decree, on the 8th day of June, 1874. Walker having made default in the payment of the first of said bonds, which became due September 6, 1874, said commissioners reported the same to said court, and a rule was awarded against him June 19, 1875, requiring him to show cause on the first day of fall term, 1875, why the real estate aforesaid should not be resold at his cost and risk. Said rule was served on him July 20, 1875; the rule was docketed November 6, 1875.

Thomas L. Broun was appointed by said court December 18, 1875, a special commissioner to act in conjunction with said Hedrick and Hogeman. On January 13, 1876, said three commissioners reported to the court that said $10,756.90 was the only cash payment that Walker had made under his said purchase, and that the bond due September 6, 1874, and the bond due September 6, 1875, were wholly due and unpaid, with interest thereon from date of sale.

The court on the 2d day of February, 1876, directed said commissioners to institute suit to enforce the vendor's lien, which suit they accordingly id institute; summons therein issued February 13, 1876, and was duly served February 19, 1876, on said Walker. At rules March, 1876, said commissioners filed their bill in said suit, setting out in due form their appointment

and authority, and alleging the failure of said Walker to pay his said bonds prayed that the said lands be again sold to meet the deferred payments, upon terms to be specified in the decree. And, at rules held in April, 1876, it was " Ordered, that the plaintiff's bill be taken for confessed," &c.

On the 30th day of June following Henry S. Walker demurred to said bill, which, on the 20th day of December following, was overruled. On the 10th day of September, 1877, the plaintiffs filed an amended and supplemental bill of complaint, making Septimus Hall and Ambrose W. Thompson co-defendants with Henry S. Walker, seeking the like relief as prayed for in the original bill, and praying for an injunction against them, so as to restrain them from cutting any timber on said land or carrying away any already cut, &c. On the same day an injunction was granted as prayed for. Service was duly made on Septimus Hall, Henry S. Walker and Ambrose W. Thompson of the writ sued out on said supplemental bill September 11, 1877.

On the 6th day of October following the said special commissioners filed their second supplemental bill of complaint, making Emma E. Walker, wife of Henry S. Walker, Mary A. Bridgman, Joel S. Quarrier, clerk of Kanawha county court, and C. P. Snyder, trustee, defendants to the original and supplemental bills. In the second supplemental bill appears the gist of the controversy, which was made the issue tried in the court below, and is presented by the special commissioners in the following language :

" Plaintiffs further say, that while said land was sold as delinquent for taxes in October, 1875, they are informed and believe, and therefore allege, that said Henry S. Walker, or some one acting under and for him, purchased it or bid for it in the name of said G. W. Bier, then in life, lately deceased, without his knowledge, and that it was paid for out of said

1881
Spring
Special Term.

Hedrick,
Hogemen and
(Broun,
Comm'rs,
v.
Walker,
et al.

H. S. Walker's own money, and not by said G. W. Bier. But however this may be, the land was on the 30th day of June, 1876, before the time for redemption had expired, redeemed by plaintiffs, as appears by the certificate of said Joel S. Quarrier, clerk, herewith filed, marked P, and was then and has ever since remained so entered on the book or record kept by the clerk of the county court of Kanawha county for that purpose. The redemption was effected according to law, and the entry thereof made by the said clerk in proper form, as plaintiffs are advised. This will more fully appear by reference to a certified copy of a duplicate receipt for redemption-money, herewith filed as part hereof, marked C, O, D. Nevertheless said H. S. Walker and wife and said Mary A. Bridgman have been within a few days and are, as plaintiffs are informed and believe, applying to said clerk, Joel S. Quarrier, for a deed, as aforesaid, which actings and doings are contrary to equity and good conscience."

The bill prayed for an injuction to prohibit the clerk from making such deed, or receiving such deed for record, &c., which order of injunction was granted October 5, 1877.

On the 8th day of October, 1877, Emma E. Walker and Mary A. Bridgman, by an answer sworn to by Emma E. Walker, substantially set forth, that they were the daughters and only heirs of George W. Bier, now deceased. That on the 26th day of October, 1875, Philip Morgan, late sheriff of Kanawha county, State of West Virginia, sold the property in controversy at public sale for taxes due thereon for the years 1873 and 1874, returned delinquent in the name of James G. Paxton's estate, but alleges that the said George W. Bier became the purchaser, all of which will appear by the said sheriff's receipt and memorandum; that no person has redeemed or offered to redeem said real estate; that on the 13th day of September, 1877, the defendants, Emma E. Walker and Mary A. Bridgman, caused the said land to be surveyed and the survey to be record-

ed ; that the allegation of the bill charging that Henry S. Walker purchased the said real estate at said sale in the name of George W. Bier is untrue ; "but on the contrary the defendant, Emma E. Walker, caused the said lands to be bid for and purchased in the name of said George W. Bier, her father, at his request, made in the month of September, 1875, while she was visiting him at his home in Moundsville, Marshall county West Virginia ; that R. P. Warren at her, the said Mary E. Walker's, request at the sale of this land as aforesaid bid for and purchased the same for and in the name of the said George W. Bier, and that she, the said Emma E. Walker, furnished the said Warren with the money out of the funds in her possession belonging to the said George W. Bier, in accordance with his directions to pay for said land, which payment was duly made by said Warren to P. W. Morgan, sheriff of said county, and a receipt was given therefor by said sheriff as heretofore mentioned. * * * ; that said Warren immediately after receiving said receipt, placed it in possession of said defendant, Emma E. Walker, which she shortly thereafter delivered to the said George W. Bier, in whose possession it remained until his death (July 22, 1877) ; that said George W. Bier frequently expressed his intention of making application to the proper authority for a deed to said lands, but on account of protracted illness, which confined him to his room almost constantly from the early part of October, 1876, and which eventuated in his death, he was prevented from so doing. The said Henry S. Walker, husband of the said Emma E. Walker, exercised no control over the bidding for, or purchasing, of said lands at said sale, or the payment for the same, and each allegation to the contrary in said bill is untrue."

Then follows a specific denial of a redemption of the said real estate by the special commissioners, as set forth in the second supplemental bill. Further answering, it is admitted that Henry S. Walker, in

1881
Spring
Special Term.

Hedrick,
Hogeman and
Broun,
Comm'rs,
v.
Walker
et al.

the [name of George W. Bier, did receipt for the sum of money paid by Warren in the name of Emma E. Walker, as agent of George W. Bier, purchase-money under the tax sale aforesaid, and from which payment alone George W. Bier could have or claim title, but says that Henry S. Walker, was at the time of so giving the receipt, without any authority to act as the agent of said George W. Bier in that behalf, nor was there any subsequent ratification of the act of said Walker; that the defendants claim title by descent from their father as their sole and separate estate.

On the following day, October 9, 1877, Henry S. Walker, filed his separate answer to the supplemental bill limiting it, as he says, to " so much of said bill at present, as relates to the injunction granted the plaintiffs against himself, Emma E. Walker, his wife, Mary A. Bridgman and others, says it is untrue that this defendant, or some one acting under and for him, purchased said land at the sale mentioned in said bill, or bid for it in the name of said George W. Bier. It is untrue that said land was paid for out of this defendant's own money and not by the money of said George W. Bier." As to the sale by the sheriff, he states the fact to have been as set forth in the answer of Emma E. Walker, hereinbefore quoted, and denies any interest in the said real estate by virtue of such sale. But as to the redemption made in the suit of *Patrick et al* v. *Talliaferro et al.*, he admits the making of the receipt but says that at the time of making the same, he "stated to said Broun that he believed, that whatever he did in the matter would be ratified by said George W. Bier, who however had given him no authority to act in his behalf."

The judge of the circuit court of Kanawha county in vacation made the following order in the cause :

" This cause came on the 24th day of October, 1877, to be heard upon the supplemental and amended bill filed by the above named plaintiffs against Emma E.

1881
Spring
Special Term.

Hedrick,
Hogeman and
Broun,
Comm'rs,
v.
Walker
et al.

Walker, Mary A. Bridgeman, Henry S. Walker, and others, and the exhibits referred to therein, and on the injunction awarded thereon, and on the original bill filed by the said plaintiffs against the said Henry S. Walker, and on the exhibits referred to therein, and also on the first amended and supplemental bill filed in said cause by said plaintiffs against said Henry S. Walker and Septimus Hall, and the exhibits referred to therein, and on the order of injunction awarded on said first amended and supplemental bill, and on the process issued on each of the aforesaid bills and the return endorsed thereon, and on the joint answer of Emma E. Walker and Mary A. Bridgman to the amended and supplemental bill aforesaid filed against them and others, and on the separate answer of Henry S. Walker to said amended and supplemental bill last named, and the exhibits referred to in each of the said answers, and on general replications to each of the said answers, and on the deposition of R. P. Warren, D. H. K. Dix, John W. Sentz, Wm. A. Quarrier, James H. Ferguson, Thomas L. Broun and Wm. H. Hogeman, taken and filed in this cause, and upon the certificate of Joel S. Quarrier, clerk of the county court of Kanawha county, and the agreements endorsed on said certificates, and on the written notice and affidavits endorsed thereon of Emma E. Walker and Mary A. Bridgman, to dissolve the injunction awarded on the amended and supplemental bill aforesaid filed against them and others, and on the motion of said Emma E. Walker and Mary A. Bridgman, to dissolve said injunction made pursuant to said written notice at chambers at Point Pleasant, Mason county, West Virginia, on the 10th day of October, 1877, the circuit court of Mason county being then in session, which motion upon the application of the plaintiffs based upon the affidavit of C. Hedrick, filed in the cause, was continued till this day, at Winfield, in Putnam county, West Virginia, the circuit court of Putnam county being then in session, and on the record of

1881
Spring
Special Term.

Hedrick,
Hogeman and
Broun,
Comm'rs,
v.
Walker
et al.

the suit of Walter B. Brooks and others against Henry S. Walker and others, filed by the plaintiffs as evidence. in the cause, and was argued by counsel for the plaintiffs, and for the defendants making said motion.

"Upon consideration whereof the court is of opinion to dissolve the injunction heretofore awarded the plaintiffs upon their amended and supplemental bill aforesaid against the said Emma E. Walker and Mary A. Bridgman and others, and it is adjudged, ordered and decreed that said injunction be, and the same is hereby dissolved.

"But the order is made without prejudice to the right of the plaintiffs or of any other person interested, to institute and prosecute any other suit or suits, which they may be advised or see fit to prosecute, relative to the matter in controversy in this suit; and the plaintiffs having brought this suit as special commissioners of the circuit court of Kanawha county, the injunction aforesaid is dissolved without costs. And the plaintiffs expressing a desire to appeal from this decree to the Supreme Court of Appeals of the State of West Virginia, the execution of this decree is to be suspended for the period of thirty days, when the plaintiffs, or one or more of them, or some one of them shall give bond before the clerk of the circuit court of Kanawha county, West Virginia, in the penalty of $500.00, with good security, and conditioned as required by law."

From this order Hedrick, Hogeman and Broun appealed and obtained a *supersedeas*.

*William H. Hogeman* for appellants relied on the following authorities:

15 Gratt. 222; 1. W. Va. 256; 27 Miss. 675; 5 W. Va. 353; 10 Leigh 329; 9 W. Va. 513; 9 Gratt. 358; 28 Gratt. 710; Blackw. Tax Titles 393.

*Thomas L. Brown* for appellants relied on the following authorities:

Sto. Eq. Juris. § 1529; 1 How. 152; 11 How. 141; 2

Johns. Chy. 88; 6 Yerger 112; Code, ch. 125, §§ 35, 57; Code 604, 608; 1 Chitty Cont. (11th ed.) 251; 1 Min. Inst. 299; *Id.* 367, 368; Perry Trusts § 50; 4 Wend. 465; 4 Leigh 231; Parsons Merc. Law § 137; Bright, Hus. & Wife 54; 2 Roper, Hus. & Wife § 97; *Id.* § 99; 11 W. Va. 122; 10 W. Va. 131; 10 Leigh 317; Rorer Jud. Sales § 127.

*E. W. Wilson* for appellees cited the following authorities:

Acts 1872–3, ch. 117, § 10; *Id.* § 18 *Id.* sec. 19; 8 Ohio 216; 1 Doug. 276; 9 Mo. 878; 4 Gilm. 221; 1 Gilm. 664; 7 W. Va. 138; 11 Paige Chy. 484; 13 Wis. 341; 19 Ia. 61; 17 Wis. 556; 23 Wis. 368; Code, ch. 125, §§ 35, 36, 59; Sto. Eq. Pl. (8th ed.) §§ 849, 849a; *Id.* § 311; Sto. Eq. Juris. §§ 689, 1483; 7 W. Va. 707; Blackw. Tax Tit. (4th ed.) 279; 29 Me. 196; 46 Cal. 134; Sto. Cont. § 126; 5 Selden 205; Pars. Cont. (3d ed.) 44–46, 70–73; 12 Gratt. 655; Code, ch. 130, § 23; 10 W. Va. 321; Rorer Jud. Sales, §§ 13, 15, 124, 134; 9 W. Va. 492; Code, ch. 29, § 39; 2 Rand. 437.

MOORE, JUDGE, announced the opinion of the Court:

It is apparent from the foregoing statement of the pleadings, that the fee of the real estate in question was prior to the sheriff's sale in Henry S. Walker, who held it subject to a vendor's lien in favor of the plaintiffs for $32,270.70. The mooted question, and the only one material in the case, is as to the ownership of the real estate subsequent to the said sheriff's sale. On the part of the appellants it is claimed, that before the time for redemption under the said sheriff's sale expired, George W. Beir, by his agent Henry S. Walker, receipted for and thereby released his claim against said property arising from the said sale, and further deny the *bona fides* of the parties who presumptively acted for Geo. W. Bier, at the sheriff's sale, and claim that the purchase then made, while be-

ing avowedly for said George W. Bier was in fact for Henry S. Walker. On the other hand it is claimed by the appellees that the purchase at the sheriff's sale was in good faith made by George W. Bier through duly constituted agents, and that the receipt made by Henry S. Walker was unauthorized and is void and of no effect, that the sheriff's title still subsists in the appellees, Emma E. Walker and Mary A. Bridgman, heirs at law of said George W. Bier, deceased.

The evidence taken upon these issues leaves no question as to the following facts: 1st. That a sheriff's sale did take place, at which the property was sold, and that the purchase-money was subsequently paid. 2d. That the appellants in order to protect their *cestui qui trust*, urged in the case of *A. G. Talliaferro et al.* v. *Spicer Patrick et al.*, at a time shortly before the expiration of the privilege of redemption, that a decree be entered for the resale of the property to avoid the title being perfected in G. W. Bier, the purchaser at the sheriff's sale. 3d. That Henry S. Walker (his answer to the contrary notwithstanding), in order to avoid such a resale, assumed to be an agent of said Bier, and released and acquitted the said land of any claim or lien against it, or any right or title thereto. 4th. That the appellants, acting in good faith, obtained the redemption of the real estate within the time limited by the law for such redemption, and had the receipt of G. W. Bier duly filed and on record. 5th. That the record now and ever since June 30, 1876, has proved such redemption. 6th. That Henry S. Walker held continuous possession of the land in question, and exercised ownership over the same until enjoined in this suit. 7th. That said Walker sold in his own name large quantities of timber. 8th. That G. W. Bier lived fourteen months after his alleged purchase, during nine of which he was entitled to a deed, but never claimed or demanded the same. 9th. That the payment made to the sheriff for the amount of the-tax sale was to the extent of nearly one

1881
Spring
Special Term.

Hedrick,
Hogeman and
Bronn,
Comm'rs,
v.
Walker
et al.

1881
Spring
Special Term.

Hedrick,
Hogeman and
Broun,
Comm'rs,
v.
Walker
et al.

third thereof, made in county-warrants, which were the joint property of R. P. Warren and Henry S. Walker, although said Warren testifies that he received the entire amount in cash and substituted the warrants for his personal benefit. 10th. That the sheriff entered the bid at the tax-sale in the name of G. W. Bier, at the request of Henry S. Walker. 11th. That the amount of money paid under the tax-sale was $343.56.

There is no evidence to establish the fact that Emma E. Walker was the agent of George W. Bier beyond the hearsay testimony of R. P. Warren. Nor is there any paper, writing or memorandum aside from the entry made by the sheriff at the time of the tax-sale, at the request of R. P. Warren or Henry S. Walker, even tending to show that G. W. Bier was the principal in this transaction. Nor is there any attempt to account for the absence of witnesses in possession of facts material to the determination of questions involved in this case.

The answer of Emma E. Walker, a competent witness and a party in interest, discloses a knowledge of facts which, if proved, would remove what seems to me a well grounded suspicion, that a fraudulent combination was entered into for the purpose of retaining this estate in said Walker without payment of the vendor's lien.

It is apparent from the foregoing statement, that the real question is, whether a fraud was attempted, and, if so, whether it was of such a character as to render null and void the rights of the claimant under the sheriff's sale. I am clearly of the opinion, upon the evidence in the record as now presented, that such is the case. The inadequacy of consideration, the purchase of property on which there was a vendor's lien of over $30,000.00, for the insignificant sum of $343.60, coupled with the undisputed proofs of actual fraud perpetrated by Henry S. Walker in lulling into fancied security the parties whose rights were about to be cut off by lapse of time, together with the failure of the appellees to prove very import-

ant and significant facts within their knowledge, raise a strong presumption of fraud.

The purchase in the name of G. W. Bier appears, as the record at present shows, to be an evasive and fraudulent effort by wrongful means to deprive the appellants of their just claim under their vendor's lien. The case as now presented by the record may be greatly changed by the evidence which may be hereafter taken in the cause, but as the record now stands we are clearly of opinion, that the injunction which had been awarded ought not to have been dissolved by the judge on the motion to dissolve.

The law governing the character and weight of testimony, from which fraud may have been inferred, has been so elaborately and forcibly reviewed at the present term of the court by Judge Haymond in the case of *John Goshorn's Ex'r* v. *David Snodgrass et al.*, that it is only necessary to cite that case as affording principles that warrant the conclusion to which I have arrived.

Therefore I am of opinion, that the court erred by its said order of October 24, 1877, dissolving the injunction granted October 5, 1877, and that said order of October 24, 1877, should be reversed and annulled, with costs in this court, and cause remanded for further proceedings.

In the record of this case is copied an order of the said circuit judge, made in vacation, October 24, 1877, on the petition of Emma E. Walker and Mary A. Bridgman, under chapter 117, Acts 1872–3, appointing E. W. Wilson a commsssioner and directing him to convey the land to said Walker and Bridgman. This order properly constitutes no part of the record in this case, the proceedings in said petition being independent of this suit, and it cannot therefore be acted upon in this case.

THE OTHER JUDGES CONCURRED.

DECREE REVERSED WITH COSTS AND CAUSE REMANDED.